904 So.2d 480 (2005)
STATE of Florida DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
A.D., Mother of D.D., A.W., and S.W., children, Appellee.
No. 1D04-1632.
District Court of Appeal of Florida, First District.
May 6, 2005.
Rehearing Denied June 28, 2005.
Pamela Killman Davis, Department of Children and Family Services, Gainesville, for Appellant.
Tracey Darr Carlisle, Gainesville, for A.D., Mother of D.D., A.W. and S.W., Appellee.
*481 PER CURIAM.
The Department of Children and Family Services appeals from the denial of its Petition for Termination of Parental Rights as to A.D., the mother of the minor children, D.D., A.W. and S.W. We reverse and remand for entry of an order terminating the mother's parental rights.
All three children had been adjudicated dependent and placed in foster care, and the mother had agreed to complete the various tasks of a case plan. Approximately nine months after the case plan adoption, the Department filed a petition under section 39.806(1)(e), Florida Statutes,[1] seeking to terminate the parental rights of both the mother and the two men *482 who had fathered the three children. The trial court granted the petition as to the two fathers but denied it as to the mother. It ruled that the mother had substantially complied with her case plan and that the Department had failed to prove that termination was in the best interests of the children. These rulings were unsupported by the evidence and the trial court's own factual findings.
Reversal of the trial court's decision to deny a petition to terminate parental rights is appropriate when the denial was not supported by the evidence and was not in the child's best interest. See Dep't of Children & Families v. C.F., 788 So.2d 988, 988-89 (Fla. 3d DCA 1998). Section 39.01 defines "substantial compliance" as meaning that "the circumstances [that] caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent." § 39.01(68), Fla. Stat. (2004). Given the trial court's factual findings, the evidence below did not support a denial of the petition. See, e.g., C.F. (holding that evidence did not support denial of petition to terminate mother's parental rights in her children but was overwhelmingly in favor of termination); Dep't of Children & Family Servs. v. M.J., 889 So.2d 986 (Fla. 4th DCA 2004) (evidence did not support denial of termination, given factual findings below).
Nor did the evidence support the trial court's conclusion that the Department had failed to demonstrate that it was in the best interests of the children to break their bond with the mother. See C.F., 788 So.2d at 989-90 (explaining that, "[d]espite the children's obvious bond with their mother, she continues to neglect the children's welfare and deny responsibility for the situation the children have been forced to endure in their own home," and concluding that "the children need permanency and a safe home environment, and the evidence the Department produced below showed that this cannot be achieved with their mother"); M.J., 889 So.2d at 988. Moreover, the termination of parental rights does not necessarily mean that all bonds are broken between parent and child. A court may allow some continued communication between the parent and children pending adoption, and even after adoption, if it determines that such contact is in the children's best interest. See § 39.811(7)(b), Fla. Stat. (2004); M.J., 889 So.2d at 988.
We therefore reverse the order denying the Department's petition for termination of parental rights. On remand, we direct that judgment be rendered terminating A.D.'s parental rights to the three children.
Reversed and remanded.
ERVIN, PADOVANO and LEWIS, JJ., concur.
NOTES
[1] Section 39.806(1)(e), Florida Statutes (2004), provides in part:

A petition for termination of parental rights may also be filed when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents. In this case, the failure of the parents to substantially comply for a period of 12 months after an adjudication of the child as a dependent child or the child's placement into shelter care, whichever came first, constitutes evidence of continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due either to the lack of financial resources of the parents or to the failure of the department to make reasonable efforts to reunify the parent and child....