907 So.2d 1275 (2005)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
J.H. and L.H., Parents of J.H., A Child, Respondent.
No. 5D04-2665.
District Court of Appeal of Florida, Fifth District.
August 5, 2005.
Ralph J. McMurphy, Wildwood, for Petitioner.
*1276 Robyn A. Hudson and Vanessa T. Gayden, of Robin A. Hudson, P.A., Mount Dora, for Respondent.
Richard D. Gish, Inverness, Guardian Ad Litem.
GRIFFIN, J.
Department of Children and Families ["DCF"] seeks review of an order of the trial court that denied DCF's petition for termination of the parental rights of Respondents, J.H. and L.H., to J.H. and S.M. and orders J.H. immediately returned to the custody of J.H. and L.H., residing in Alabama.
DCF contends that the order is defective in multiple respects. First, the direction to return the child, J.H., to her parents in Alabama was a violation of the Interstate Compact on the Placement of Children, Section 409.401, Florida Statutes (2004) because the receiving state must approve the transfer in advance. See Department of Children and Families v. Benway, 745 So.2d 437 (Fla. 5th DCA 1999); § 39.521(7), Fla. Stat. (2004). Respondents do not dispute this proposition of law but suggest that DCF could have accommodated this requirement through "visitation," if it chose to do so. DCF also complains that the order lacks any findings of fact, and apart from the conclusory statement that the "evidence presented does not meet the clear and convincing standard necessary to grant" the petition, there are no conclusions of law. See § 39.809(5), Fla. Stat. (2004). Further, the dispositional provisions of the order appear internally inconsistent. See § 39.811(1), Fla. Stat. (2004).
Finally, both DCF and respondents have complained about the quality of taped recordings of the proceedings below. Respondents assert that the transcript of the hearing at which the trial court ordered the transfer of J.H. to her parents in Alabama is not accurate, and DCF represents that the court reporter has found the tape of the adjudicatory hearing to be unintelligible and useless for preparation of a transcript.
We agree with DCF that the order under review is defective for the reasons outlined above. We are particularly concerned about the lack of factual or legal explanation for the determination that the very serious allegations of abuse contained in the petition weren't established. In order for there to be meaningful appellate review of a trial court's determination not to terminate parental rights, findings of fact and conclusions of law are essential. Department of Children and Family Services v. A.D., 904 So.2d 480 (Fla. 1st DCA 2005); Department of Children and Family Services v. M.J., 889 So.2d 986 (Fla. 4th DCA 2004).
Given all the circumstances present, including the lack of findings, the lack of an adequate record, the obvious error in failing to comply with the Interstate Compact and the passage of time, we conclude that the order must be quashed and another adjudicatory hearing should be conducted with proper findings made.
WRIT GRANTED.
ORFINGER and TORPY, JJ., concur.