916 So.2d 948 (2005)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
K.F., the Mother, Appellee.
No. 4D05-2015.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied January 20, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tricia D. Brissett, Assistant Attorney General, Office of the Attorney General Children's Legal Services, Fort Lauderdale, for appellant.
Jeffrey B. Levy of the Law Offices of Jeffrey B. Levy, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, the Department of Children and Family Services, appeals the denial of its Petition for Termination of Parental Rights as to K.F., the mother of four minor children. For the reasons that follow, we reverse and remand for the entry of an order terminating the mother's parental rights.
The Department of Children and Family Services (DCF) first learned of the children's plight on March 3, 2004, when they received a report from the police concerning *949 a three-month-old child who was discovered buried in a shopping bag in a field behind the apartment complex where his mother, K.F., lived. It was determined that the child died of starvation and had not received normal care and adequate nutrition since his first week of birth. As a result, K.F.'s four other children, ages six, five, two-and-a-half, and seventeen months, were ordered into the protective custody of DCF on March 4, 2004. The children were adjudicated dependent as to both the mother and father, and in April 2004, DCF filed a petition to terminate the parental rights of K.F., alleging that K.F. engaged in egregious conduct, as defined in Section 39.806(1)(f)(2), Florida Statutes, that threatened the life and well-being of her four children. The father, who has been incarcerated since October 2003 for unrelated charges, was provided a case plan with a goal of reunification.
In August 2004, an adjudicatory hearing was held on DCF's petition. The court received testimony from K.F. as well as the children's current caretaker, their grandmother, experts in prospective abuse and child trauma, the DCF caseworker, and the children's Guardian Ad Litem. The expert testimony revealed that the youngest child, eighteen-month-old T.R.-3, was diagnosed with failure to thrive because she exhibited signs of starvation, was functioning on the level of a sixth-month-old child, and had received no prenatal care nor did she receive medical care or immunizations since birth. Three-year-old B.R. had also not received prenatal care nor did he receive medical care or immunizations since birth, and there were signs that he had been physically abused, including numerous marks on his body and his use of physical aggression towards his siblings. Five-year-old T.R.-2 also did not receive prenatal care nor has she received dental care despite the fact that her teeth are rotting. She also had burn marks on her body, suffered from an allergic skin reaction that was not treated by a physician, and was nutritionally at risk. Finally, the eldest child, six-year-old T.R.-1, did not receive prenatal care, was immunized only once since birth, and suffered developmental delays on the social, emotional, and cognitive levels. Like her other siblings, she had scarring on her body and an allergic skin reaction, and was nutritionally at risk. She also missed thirty-six percent of her first school year. Furthermore, all four children are currently attending weekly therapy as a result of their mother's conduct. None of this evidence was disputed.
The trial court determined that DCF proved by clear and convincing evidence that K.F. engaged in egregious conduct towards her children pursuant to sections 39.806(1)(f) and 39.811(6)(e), Florida Statutes, and that K.F.'s conduct threatened their life, well-being, and physical, mental, and emotional health presently and for the foreseeable future.
However, the court expressly stated that it did not find clear and convincing evidence that it was in the manifest best interests of the children pursuant to the factors under section 39.810 to terminate K.F.'s parental rights. The court concluded that the least restrictive means of protecting the children was long-term custody with the grandmother and denied DCF's petition to terminate the parental rights of K.F.
On appeal, DCF argues that it proved by clear and convincing evidence that termination was in the children's manifest best interests. We agree with appellant that the trial court's finding that it is not in the manifest best interests of the children to terminate K.F.'s parental rights pursuant to the factors in section 39.810 is not supported by competent substantial *950 evidence and, in fact, is contrary to the evidence presented at trial.
An appellate court may reverse the trial court's order denying a petition to terminate parental rights when the denial is not supported by competent substantial evidence and is not in the best interests of the children. Dep't of Children and Families v. A.D., 904 So.2d 480, 482 (Fla. 1st DCA 2005).
In this case, the trial court's finding pursuant to section 39.810(3) that K.F. could have the capacity to ensure the safety, well-being, and physical and mental health of her four children if services are offered to her and she avails herself of these services is not supported by competent substantial evidence. Rather, one expert witness testified that K.F. does not have the motivation to rehabilitate herself to the extent that she would be able to adequately care for her children, and even if she did, K.F. would need at least two to three years of intensive, psychiatric treatment before K.F. could even be considered for rehabilitative services for reunification. Three other expert witnesses, including the DCF caseworker and the Guardian Ad Litem, also did not recommend any rehabilitation classes for K.F. and determined that it was not in the best interests of the children to offer K.F. a case plan because of the possibility for further neglect. In fact, there was simply no testimony that K.F. could benefit from any services and be sufficiently rehabilitated to care for her children. Moreover, evidence was also presented that K.F. failed to take advantage of health services when the services were offered to her.
Therefore, we conclude that the trial court's finding that K.F. has the capacity to care for her children if services are provided to her is clearly not supported by competent substantial evidence. In fact, there was no evidence presented at trial that K.F. could be rehabilitated. We therefore reverse the order denying DCF's petition for termination of parental rights. On remand, we direct that judgment be rendered terminating K.F.'s parental rights to her four children.
Reversed.
GUNTHER, GROSS and HAZOURI, JJ., concur.