937 So.2d 1156 (2006)
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al., Appellants,
v.
A.Q., Appellee.
No. 3D05-1746.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*1157 Calianne P. Lantz; Hillary S. Kambour, for appellants.
Kevin Coyle Colbert, Miami, for appellee.
Before RAMIREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, Judge.
The Florida Department of Children and Family Services ("DCF") appeals an order involuntarily dismissing its petition for termination of parental rights. As we agree with DCF that the trial court's ruling, that it is not in the best interests of the children to terminate their father's parental rights, is not based upon competent substantial evidence, we reverse.
A.Q. is the father of A.Q. and J.Q. ("the children"). The children were adjudicated dependent in 1995, based upon the trial court's findings by clear and convincing evidence that: (1) the father committed domestic abuse against the mother, which was witnessed by the children, causing the mother to initiate three restraining orders against the father; (2) the father committed physical abuse against the children by beating them with a belt, hitting them, and biting them, and on one occasion when the defendant's sister attempted to intervene, he told her that they were his kids and he could do anything he wanted with them; and (3) the father has serious emotional problems which significantly interfere with his ability to provide proper care for the children, as evidenced by his lack of an appropriate self-control mechanism, and his extremely hostile and aggressive personality;[1] and his lack of insight regarding his problems.
After the children were adjudicated dependent, they were placed in the custody of the father's mother and sister. After the children's custodial placement, the father violated no-contact orders by going to the residence of the custodians on numerous occasions when he had been ordered not to do so, resulting in his incarceration. He was given a case plan, but failed to complete it. The father last appeared in court in Miami in 1996, after which he disappeared, and his whereabouts were unknown until he reappeared in 2004. During this period of time he has had no involvement with the children, has provided no financial support for the children, *1158 and did not contact the children's custodians or anyone else to inquire as to their well-being.
After the father's return to Miami, DCF filed a petition for termination of parental rights as to both the mother and the father. The mother voluntarily surrendered her rights. The father appeared in court with the intention of voluntarily surrendering his rights. Although he told the trial court that he wished to terminate his parental rights, when the trial court asked him if he believed that the termination of his parental rights was in the best interests of the children, he replied "no." Based upon this response, the trial court refused to accept his surrender and held a hearing to determine whether to terminate the father's rights. At the hearing, the aunt, who is one of the children's custodians, testified that she loves the children and is willing to adopt them. The guardian ad litem testified that the children were thriving in their placement, that they were bonded to their custodians, and she recommended termination of the father's parental rights.
The trial court dismissed the petition to terminate the father's rights, finding that termination was not in the manifest best interests of the children, but ordered that the father have no contact with the children until further order of the court.
"An appellate court may reverse the trial court's order denying a petition to terminate parental rights when the denial is not supported by competent substantial evidence and is not in the best interests of the children." Dep't of Children & Families v. K.F., 916 So.2d 948, 950 (Fla. 4th DCA 2005); see also State, Dep't of Children & Family Servs. v. A.D., 904 So.2d 480, 482 (Fla. 1st DCA 2005); Dep't of Children & Families v. C.F., 788 So.2d 988 (Fla. 3d DCA 1998). Based on the following factors, we conclude that the trial court's order denying the petition to terminate is not supported by competent substantial evidence: (1) the father committed acts of domestic abuse against the mother of the children, in the presence of the children; (2) the father committed acts of child abuse against his children; (3) the father was found to have poor self-control, an explosive personality, and a lack of insight regarding his problems; (4) the father abandoned his children for many years while they were living with court-appointed custodians; (5) the father failed to complete his case plan; (6) the father still has not achieved the level of confidence from which the trial court will even allow him supervised visitation with his children; and (7) the children are in a stable and loving environment where they are thriving, and with a relative who wishes to adopt them.
Abandonment is clearly grounds for termination of parental rights. See § 39.806(1)(b), Fla. Stat. (2005). It is undisputed that the father disappeared for many years without providing any financial support for the children or contacting the children's custodians or anyone else during his absence to inquire about the children. This was clearly a willful rejection of his parental responsibilities and constitutes abandonment under section 39.01, Florida Statutes (2005). In fact, on January 26, 2005, the trial court entered a Judicial Review Order finding that that father abandoned the children for a period of over five years.
Termination of parental rights is also appropriate where the children are adjudicated dependent, a case plan is filed with the court, and the parent fails to substantially comply with the case plan for a period of twelve months, thus evidencing continuing abuse, neglect, or abandonment. See § 39.806(1)(e), Fla. Stat. (2005). *1159 In the instant case, it is undisputed the children were adjudicated dependent on August 28, 1995, and that a case plan was entered on January 29, 1996, which the father did not comply with within the twelve months provided. It was not until several years later that the father even began to comply with some of the tasks in his case plan, and had not completed the case plan nine years later on May 25, 2005, when the trial court dismissed the petition. Thus, the evidence overwhelmingly establishes that the father failed to substantially comply with his case plan within twelve months of its entry, and, in fact, has failed to complete it within nine years of its entry.
As the trial court recognized, the children were adjudicated dependent based upon serious findings of physical abuse that the father inflicted upon the children and upon their mother in the presence of the children. Instead of attempting to comply with his case plan in order to be reunited with his children, the father abandoned his children, left Miami, and during his absence did not provide them with any support and did not attempt to inquire about their well-being. The father's mother and sister have taken care of the children as their custodians since 1995. The children have bonded with them, they are thriving under their care, and one of the custodians, the aunt, wishes to adopt the children. Despite these facts, instead of terminating the father's parental rights, the trial court ordered the father to continue to have no contact with the children, and dismissed the petition for termination. The father is, however, the children's father in name only, since he has provided and continues to provide them with nothing. Instead of achieving permanency for the children, by allowing them to be adopted by their aunt, the trial court's ruling leaves the children in a state of limbo, with a father who cannot see them and the children living with loving family members, including the aunt, who is unable to adopt them. We therefore conclude that the trial court's findings, that termination of the father's parental rights is not in the children's best interest is unsupported by the record. Accordingly, we reverse and remand for further proceedings consistent with this opinion. See § 39.810, Fla. Stat. (2005); K.F., 916 So.2d at 950; C.F., 788 So.2d at 988.
Reversed and remanded.
NOTES
[1] These findings were based on the psychological evaluation performed as well as his demonstrated behavior.