959 So.2d 401 (2007)
K.W. father of S.S., J.W., J.W. and D.W., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D05-2086.
District Court of Appeal of Florida, First District.
June 18, 2007.
*402 K.W., pro se, Appellant.
Lucy Goddard-Teel, Department of Children & Families, Gainesville; Susan W. Fox of Fox & Loquasto, P.A., Tampa; Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee.
PADOVANO, J.
The appellant seeks review of a final order terminating his parental rights to his two children. He contends that the termination was premature, in that the trial court had not yet fully explored the possibility of long-term relative placement for the children. We conclude that the placement issue had no effect on the judgment in this case and therefore we affirm.
Several years ago, the appellant was convicted on nine counts of sexually abusing his two children, his two step-children, and others. He is presently serving three consecutive life sentences in prison. The Department filed a petition to terminate the appellant's parental rights, alleging that he would be incarcerated during the children's remaining minority; that he had engaged in egregious conduct toward the children; that he had been adjudicated to be a sexual predator; that it would be harmful to the children to continue their relationship with an incarcerated parent; and that he had subjected the children to sexual abuse.
The appellant's mother, who lives in Tennessee, indicated an interest in taking the children for long-term placement, but a home study of her residence had not been completed by the time of the final hearing. The appellant now contends that termination of his parental rights was not the least restrictive means of protecting the children, because the court does not yet know whether relative placement with the paternal grandmother would be appropriate. We reject this argument.
The least restrictive means test requires that measures short of termination be taken if they would enable the child to reunite safely with the parent. See L.B. v. Dep't of Children & Families, 835 So.2d 1189, 1195 (Fla. 1st DCA 2002). This test is useful in determining whether it is necessary to terminate parental rights, but it has no bearing on the subsequent task of placing the children in a suitable home after parental rights have been terminated. That is a separate issue.
To prevail in a proceeding to terminate parental rights, the Department must prove the existence of a statutory ground and establish that termination would be in the manifest best interest of the child. Section 39.810, Florida Statutes (2006) provides that the court may consider a relative placement in determining whether termination is in the child's best interest. However, the statute then qualifies this general point by stating that the availability of a "placement with a relative may not receive greater consideration than any other factor weighing on the manifest best interest of the child and may not be considered as a factor weighing against termination of parental rights." By the text of this statute, the possibility of a relative placement is plainly not a reason to delay a decision to terminate parental rights if termination is otherwise in the manifest best interest of the child.
The availability of a relative placement might be more important in a case in which a parent is temporarily incapable of caring for a child. In the present case, however, the appellant committed atrocious crimes against his children and he is now serving a lengthy prison sentence for those crimes. This is not the kind of parental relationship the court should seek to preserve by placing children with a *403 relative. Here, a termination of parental rights was, in fact, the least restrictive means of protecting the children, whether there was an available relative placement or not.
Other courts have also concluded that the existence of a long-term relative placement does not foreclose a termination of parental rights. For example, in A.J. v. K.A.O., 951 So.2d 30, 31 (Fla. 5th DCA 2007), the court affirmed a decision to terminate a father's parental rights, even though the trial court had not considered a possible relative placement. The father had been sentenced to ten years in federal prison, and the trial court found that he had not previously established a bond with his children. Based on these facts, the court concluded that termination was the least restrictive means of protecting the children, despite the existence of a long-term relative placement. As the court explained, the least restrictive means test was not intended to preserve a parental relationship at the cost of a child's future. See A.J., 951 So.2d at 32.
The appellant contends that our decision in C.M. v. Department of Children and Families, 953 So.2d 547 (Fla. 1st DCA 2007) (on rehearing), requires us to remand this case with directions to the trial court to consider the possibility of placing the children with his mother in Tennessee. However, the main factor that prompted the remand in C.M. is not present in this case. In C.M., the trial court foreclosed the possibility of an adoption by a relative in the termination order itself. This case differs in that the placement issue remains open. All that is before this court at present is the trial court's decision to terminate the appellant's parental rights, and we certainly have no reason to find fault with that decision. In fact, it appears to be the only reasonable decision the court could have made.
For these reasons, we affirm.
BROWNING, C.J., and WEBSTER, J., concur.