987 So.2d 1269 (2008)
GUARDIAN AD LITEM PROGRAM and Florida Department of Children and Families, Appellants,
v.
T.R., Mother of C.W., and C.W., Father of C.W., Appellees.
No. 1D07-6373.
District Court of Appeal of Florida, First District.
August 15, 2008.
*1270 Annette M. Lizardo of Statewide Guardian Ad Litem Office, Orlando; Katie George, Chief Legal Counsel, and Eric D. Schurger, Assistant Legal Counsel, Department of Children and Families, Pensacola, for Appellants.
No appearance, for Appellees.
VAN NORTWICK, J.
The Guardian Ad Litem Program and Florida Department of Children and Families (DCF) challenge an order denying a petition to terminate the parental rights of T.R. to her child, C.W. Because the trial court erred when it denied the petition solely on the basis of an available nonadoptive relative placement, we are constrained to reverse and remand for further proceedings.
DCF filed a petition for dependency and for termination of parental rights alleging that two children, C.W. and his half-sibling, S.R., had sustained severe injuries while in the custody of their mother and C.W.'s stepfather.[1] Specifically, the petition alleged that C.W. had suffered three fractured ribs which had never been treated, while S.R. had been admitted to the hospital with multiple bruises, a broken left arm and bleeding in the brain and back of the throat. After a hearing on the petition, the trial court found that C.W. and S.R. had sustained significant injuries while in the custody of the mother, T.R., and C.W.'s stepfather. The trial court ruled that the parents' acts and omissions constituted egregious conduct that threatened the children's life, safety, well-being, or physical, mental, or emotional health pursuant to section 39.806(1)(f), Florida Statutes (2007), and terminated parental rights with respect to S.R.[2] As to C.W., *1271 however, the trial court determined that, because a "suitable relative placement" existed with C.W.'s maternal grandmother, termination of parental rights was not in C.W.'s best interests. The trial court explained its decision, as follows:
Because [S.R.] was removed from the home of the parents, and placed in medical foster care, within the first two weeks of his life, while [C.W.] was removed from the custody of the parents and placed with the maternal grandmother, the situations of these two children is very different. For [C.W.], there is a suitable permanent custody arrangement with a relative of the child. For that reason, the Court finds that termination of parental rights is not in [C.W.'s] best interest.
In order to terminate parental rights, a trial court must determine that termination of the parent's parental rights would be in the best interests of the child. K.W. v. Dep't of Children & Families, 959 So.2d 401 (Fla. 1st DCA 2007). Section 39.810, Florida Statutes (2007), provides a non-exhaustive list of factors a trial court is to consider when determining whether termination of parental rights is in the manifest best interests of a child. While this statute provides, in general, that the court may consider a "suitable permanent custody arrangement with a relative" when it analyzes the best interests of the child, it also mandates that:
"[T]he availability of a nonadoptive placement with a relative may not receive greater consideration than any other factor weighing on the manifest best interest of the child and may not be considered as a factor weighing against termination of parental rights."
§ 39.810(1), Fla. Stat. (2007) (emphasis added). As this Court has held, "the possibility of a relative placement is plainly not a reason to delay a decision to terminate parental rights if termination is otherwise in the manifest best interest of the child." K.W., 959 So.2d at 402; see also A.J. v. K.A.O., 951 So.2d 30 (Fla. 5th DCA 2007) (concluding that the existence of a long-term relative placement does not preclude termination of parental rights).
In this case, although the trial court's order demonstrates its focus was appropriately on the best interests of the child, we read the order under review as stating that the trial court based its finding that termination of parental rights was not in C.W.'s best interests solely on the availability of a relative placement, in direct contravention of section 39.810(1). Accordingly, we reverse and remand for further proceedings consistent with this opinion. On remand, the trial court shall again weigh all relevant factors, including those under section 39.810, to determine whether termination of parental rights is in the manifest best interests of C.W.
REVERSED and REMANDED.
BROWNING, C.J., and PADOVANO, J., concur.
NOTES
[1] DCF did not offer a case plan to the parents prior to petitioning for the termination of parental rights. Under the governing statutes, in some circumstances, a case plan is not required to be offered. Section 39.806(2) provides that: "[r]easonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in paragraphs (1)(e)-(i) have occurred." Here, the trial court found that the acts or omissions of the parents (i.e., causing three broken ribs and failing to get medical treatment) constituted "egregious conduct" as defined in section 39.806(1)(f), Florida Statutes (2007). Therefore, in this case, DCF was not obligated to offer a case plan with the goal of reunification. See In re T.M., 641 So.2d 410 (Fla. 1994) (holding that while ordinarily case plans are the least restrictive means to protect a child from harm, in some circumstances, such as the case of egregious abuse, immediate termination of parental rights is the least restrictive means of protecting a child).
[2] The termination of parental rights with respect to S.R. is not at issue in this appeal. Further, the father of C.W. does not contest the termination of parental rights.