VAN NORTWICK, J.
 

 The Florida Department of Children and Families (DCF) appeals the trial court’s order denying a petition to terminate the parental rights of T.R. to her child, C.W. This is the second appearance of this case in our court. In the first appeal, this court felt constrained to reverse the order denying termination of parental rights because “we read the order under review as stating that the trial court based its finding that termination of parental rights was not in C.W.’s best interests solely on the availability of a relative placement, in direct contravention of section 39.801(1).”
 
 Guardian Ad Litem Program v. T.R.,
 
 987 So.2d 1269, 1271 (Fla. 1st DCA 2008). We remanded to the trial court, directing the court to “again weigh all relevant factors, including those under section 39.810, to determine whether termination of parental rights is in the manifest best interests of C.W.”
 
 Id.
 
 Following an evidentiary hearing, the trial court entered a detailed order applying the facts of this
 
 *1043
 
 case to the factors enumerated in section 39.810(1) and again concluded that termination of T.R.’s parental rights was not in C.W.’s best interests. Finding that the trial court’s order is based on competent substantial evidence, we affirm.
 

 C.W. was placed with his maternal grandmother after his sibling was admitted to the hospital suffering from grievous injuries and it was discovered that C.W. had endured three fractured ribs that had never been treated. C.W.’s stepfather is currently serving a prison term for aggravated child abuse. C.W. has visitation with his mother, T.R.
 

 In the order under review, the trial court found that there existed adequate grounds to terminate T.R.’s parental rights “based upon egregious abuse of [C.W.’s younger sibling], and upon evidence that [C.W.], while still very young, suffered broken ribs while in the sole care of the mother and stepfather, for which [C.W.] received no treatment or medical attention.” Nonetheless, the court concluded, after considering the factors enumerated in section 39.810, that “it is not in the manifest best interest of this child to have parental rights terminated and be placed for adoption.”
 

 The court found that C.W. has a strong bond with his grandmother, with whom he has lived for more than half of his young life, and that she has provided him a stable and satisfactory environment. The court noted the position of the guardian ad litem “that maintaining [C.W.] in his grandmother’s custody is in his best interest, provided the grandmother does not return him to his mother” and “coneur[red] in that analysis.” The record reflects that the grandmother testified unequivocally that she would never let anyone harm her grandson and would make sure he was protected. The trial court found that adoption by the grandmother is not a viable alternative because the maternal grandfather is currently on probation for felony drug charges, which would likely disqualify the grandparents’ household as a prospective adoptive household. The trial court rejected the concept that adoption by a third party would be preferable because of the “significant and deep relationship between the child and [his grandmother].” Reviewing the options available in section 39.621(2),
 
 [1]
 
 the court determined that the goal of the case plan should be changed to placement with a fit and willing relative.
 

 On appeal, DCF contends that the trial court has violated the law of the case. We disagree. That doctrine “requires that questions of law actually decided on appeal must govern the case in the same court and trial court, through all subsequent proceedings.”
 
 Fla. Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 105 (Fla.2001). However, the doctrine is “limited to rulings on questions of law
 
 actually presented and considered
 
 on a former appeal.” (Emphasis supplied).
 
 Id.
 
 at 106 (quoting
 
 United States Concrete Pipe v. Bould,
 
 437 So.2d 1061, 1063 (Fla.1983)). In this case, the trial court dutifully followed the directions of this court in
 
 Guardian Ad Litem Program v. T.R.,
 
 and did not disobey or disregard any of the rulings of law made by this court. DCF
 
 *1044
 
 simply disagrees with the ruling of the trial court, which is not a sufficient basis to warrant reversal.
 

 We find that the trial court’s order is based on competent substantial evidence in the record and that there is no basis upon which this court should reverse.
 
 See Fla. Dep’t of Children and Family Servs. v. A.Q.,
 
 937 So.2d 1156, 1158 (Fla. 3d DCA 2006). Our standard of review of the trial court’s order is “highly deferential.”
 
 N.L. v. Dep’t of Children and Family Servs.,
 
 843. So.2d 996, 999 (Fla. 1st DCA 2003).
 

 AFFIRMED.
 

 KAHN, and WOLF, JJ., concur.
 

 [1]
 

 . (2) The permanency goals available under this chapter, listed in order of preference, are:
 

 (a) Reunification;
 

 (b) Adoption, if a petition for termination of parental rights has been or will be filed;
 

 (c) Permanent guardianship of a dependent child under s. 39.6221;
 

 (d) Permanent placement with a fit and willing relative under s. 39.6231; or
 

 (e) Placement in another planned permanent living arrangement under s. 39.6241.