455 So.2d 571 (1984)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
In the Interest of J.M.L. and T.M.L., Children, Appellee.
No. AW-493.
District Court of Appeal of Florida, First District.
August 28, 1984.
James A. Sawyer, Jr., District III Legal Counsel, Dept. of Health and Rehabilitative Services, Gainesville, for appellant.
No appearance for appellee.
SHIVERS, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals the trial *572 court's order which places J.M.L. and T.M.L. in the care and custody of their paternal grandparents. HRS contends that this order violates the Interstate Compact on the Placement of Children and, further, was entered without due notice to HRS. We agree on both points and reverse.
On November 11, 1982, T.M.L., born October 12, 1980, and J.M.L., born June 29, 1982, were adjudicated dependent by reason of neglect. On January 17, 1983, these children were placed, after the parents had failed to comply with the trial court's order to obtain electricity, running water, and adequate heating, in the care, custody and control of HRS for foster care placement. Thereafter, T.M.L. and J.M.L. were placed in foster care and the parents entered into a performance agreement with HRS.
On May 25, 1983, HRS petitioned the trial court to enter an order of compliance with the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes; HRS informing the court that it wished to conduct a home study of the children's paternal grandparents, residents of Statenville, Georgia. The trial court granted HRS's petition and agreed to be the sending agency for T.M.L. and J.M.L. and abide by all provisions of the Interstate Compact on the Placement of Children. On August 2, 1983, the appropriate Georgia officials sent notice that they disapproved placement of T.M.L. and J.M.L. with their paternal grandparents. The Georgia home study found that the children would not receive the nurturing needed by them at the grandparents' home. After reviewing this, the trial judge, on August 9, 1983, ordered that T.M.L. and J.M.L. continue in the temporary care and custody of HRS and directed the children's parents to enter into another performance agreement.
On November 29, 1983, apparently after holding an ex parte hearing with the paternal grandfather, the trial judge entered the order on review. This order places T.M.L. and J.M.L. in the care and custody of the paternal grandparents and relinquishes jurisdiction over the children.
HRS first contends that the trial judge erred in entering this order without giving HRS prior notice of the hearing attended by the paternal grandfather. We agree. Here, HRS became the legal custodian of T.M.L. and J.M.L. on January 17, 1983, when the children were placed in HRS's care and custody. Section 39.41(1)(d), Florida Statutes (1983). As legal custodian, HRS was a party entitled to reasonable notice of the hearing attended by the grandfather. See Fla.R.Juv.P. 8.220(g) (providing that where the rules of juvenile procedure do not require a specific notice, all parties will be given reasonable notice of any hearing); Fla.R.Juv.P. 8.340 (the terms party and parties shall include the petitioner, the child, and every person upon whom service of summons is required by law); section 39.405(4), Florida Statutes (1983) (the summons shall be directed to, and shall be served upon, the ... legal custodian).
Next, HRS contends that the trial judge's order is in violation of Article III(d) and Article V of the Interstate Compact on the Placement of Children. Again, we agree. Here, the trial judge placed T.M.L. and J.M.L. in the care and custody of their paternal grandparents, residents of Georgia, after placement had been specifically disapproved by the appropriate Georgia officials. Moreover, the trial judge's order relinquished jurisdiction over T.M.L. and J.M.L. This is contrary to the provisions of Article III(d) and Article V(a) of the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes (1983). See also Article III(a) of the Interstate Compact on the Placement of Children (providing that the sending agency shall comply with each and every requirement set forth in the article and with the applicable laws of the receiving state governing the placement of children).
Accordingly, we reverse the trial court's order and remand this cause to the trial court to conduct a hearing on the status and placement of T.M.L. and J.M.L., after giving reasonable notice to all interested parties, and direct that the trial court make *573 no out-of-state placement of T.M.L. and J.M.L. except in compliance with the provisions of the Interstate Compact on the Placement of Children.
REVERSED and REMANDED with directions.
THOMPSON and ZEHMER, JJ., concur.