NIMMONS, Judge.
The Department of Health and Rehabilitative Services (HRS) asserts that the trial court’s order placing B.J.A. in the permanent custody of his stepgrandparents and relinquishing jurisdiction over B.J.A. violates the Interstate Compact oh the Placement of Children, Section 409.401, Florida Statutes (1987).
B.J.A., born July 19, 1976, was adjudicated dependent while living with his natural mother and stepfather.[1] He was placed in the custody of the appellees, the stepfather’s parents who live in Georgia.
The trial court agreed to comply with the Compact and to be the sending agency as defined by the Compact, with the State of Georgia acting as the receiving state. B.J. A. did well in this placement, and his step-grandparents expressed a desire to proceed with adoption in the State of Georgia if the trial court relinquished jurisdiction. In the subject appealed order, in which the trial court awarded permanent custody to the stepgrandparents and relinquished jurisdiction over the child, the court said:
This Court has been involved with this cause, and the undersigned has personally been involved with this cause, since the original order of adjudication of dependency dated October 4, 1984. Based upon the entirety of this file, and the Court’s having observed the demeanor and candor of all witnesses at all hearings, the Court finds that Lodia and Sarah Wyers are “relatives” of [B.J.A.] within the intent and meaning of the Florida Legislature with respect to permanent relative placement of dependent children. Accordingly,
IT IS ORDERED that [B.J.A.] is released to the custody of his relatives, Lodia and Sarah Wyers, on a permanent basis.
IT IS FURTHER ORDERED that this Court relinquishes jurisdiction over [B.J. A.].
We agree with HRS that the trial court’s relinquishment of jurisdiction violated Arti *541 cle V(a) of the Compact, which states in part:
The sending agency shall retain jurisdiction over the child sufficient to determine all matters in relation to the custody, supervision, care, treatment and disposition of the child which it would have had if the child had remained in the sending agency’s state, until the child is adopted, reaches majority, becomes self-supporting or is discharged with the concurrence of the appropriate authority in the receiving state.
This error requires reversal.[2] In Interest of J.M.L. & T.M.L., 455 So.2d 571 (Fla. 1st DCA 1984). Apparently, the court, in finding that the stepgrandparents were “relatives” of B.J.A., was relying upon Article VIII of the Compact which provides, in part:
This compact shall not apply to:
(a) The sending or bringing of a child into a receiving state by his parent, stepparent, grandparent, adult brother or sister, adult uncle or aunt, or his guardian and leaving the child with any such relative or nonagency guardian in the receiving state.
We agree with HRS that stepgrandparents are clearly not within the class of relatives referred to in the above exemption. The trial court was, therefore, obligated to comply with the terms of the Compact.
Accordingly, we reverse and remand with directions that the trial court retain jurisdiction over B.J.A. in accordance with the requirements of the Compact. Our opinion should not be construed as requiring any interruption of the stepgrandpar-ents’ present custody of the child pending further disposition.[3]
REVERSED and REMANDED.
SMITH, C.J., and ERVIN, J., concur.

. B.J.A. is the mother's child from a previous marriage. B.J.A.’s stepfather and mother have since divorced, and it appears from the record that neither his stepfather nor his natural parents wish to assert rights to B.J.A.'s custody.

. HRS claims that the trial court failed to comply with the compact in other respects, but we conclude that the improper relinquishment of jurisdiction is the only reversible error presented.

. HRS agrees with the trial court that it is in B.J.A.’s best interests to remain with his step-grandparents at this time.