[No. D018344. Fourth Dist., Div. One. Mar. 10, 1993.]

TARA S., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES et al.,
Real Parties in Interest.

**COUNSEL**

Loren I. Mandel, Alternate Public Defender, and Sherri Sokoloff, Deputy Alternate Public Defender, for Petitioner.

No appearance for Respondent.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, James H. Wellman, Deputy County Counsel, and Susan H. Goulian, for Real Parties in Interest.

Thomas Palmer, Deputy Public Defender, for Minor.

## OPINION

**WIENER, J.**—On October 7, 1992, a petition was filed alleging the minor, Brianna, was at risk of physical and sexual abuse due to her mother's substance abuse (Welf. & Inst., § 300, subds. (b) and (d)). The child was placed in a confidential foster home. At the detention hearing on December 10, 1992, the minor's biological father, Brian C., with the concurrence of the department of social services (DSS) moved to dismiss the petition. The court denied the motion to dismiss believing there would be insufficient safeguards to protect Brianna from her mother's behavior and possible abduction. The court ordered a short transition and that the child be detained with Brian at his home in Minnesota. The child has been living with her father and stepmother since that time.

### I

Mother complains about the placement saying the court may not detain a child out-of-state without the approval of the receiving state, here Minnesota, under the Interstate Compact on Placement of Children (ICPC) (Civ. Code, § 264 et seq.). The purpose of the ICPC is to facilitate the cooperation between states in the placement and monitoring of dependent children. Article 2, subdivision (d) defines placement as "in a family free or boarding home or in a childcaring agency or institution." Article 3 sets out conditions for placement which are limited to "foster care or as a preliminary to a possible adoption." Petitioner relies on an Attorney General's opinion which states the ICPC applies when a child is placed with a parent in another state (61 Ops.Cal.Atty.Gen. 535, 537 (1978)). The Attorney General interprets the definition of "placement" in article 2, subdivision (d) and concludes that since there is nothing in the term "family free home" to limit it to any particular home it therefore must include the home of the natural mother or father. (61 Ops.Cal.Atty.Gen., *supra*, at p. 539.) We disagree. Such an interpretation does not make sense in light of article 3 which limits the ICPC to foster care and possible adoption—neither of which would involve natural parents. As pointed out in *McComb v. Wambaugh* (3d cir. 1991) 934 F.2d 474, article 2, subdivision (d) limits the places where minors may be placed, not the persons with whom they may be placed (*McComb v. Wambaugh*,

*supra*, 934 F.2d at p. 480). We therefore conclude the court did not err in not invoking ICPC when it permitted the minor to be detained with her father pending future jurisdictional and dispositional hearings in the juvenile court.[1]

## II

■ Petitioner suggests the ICPC must apply here in any event because the State of California is paying for therapy in Minnesota for Brianna and for long-distance phone calls. However, Brian, in his opposition says he is providing for all of Brianna's needs including therapy. At the hearing it was contemplated that Brian's medical insurance would cover the therapy. The court also pointed out that if Brian had the ability he would be expected to pay for everything including previous care for Brianna in a foster home. As for the phone calls, this was for mother's long-distance collect calls which was assisting the mother, not Brian. California is not paying any of Brian's expenses associated with Brianna's move to Minnesota. There is nothing to invoke the ICPC.

## III

■ Petitioner argues sending Brianna out of the state without a contested hearing violates due process. Here, the social worker documented Brian's home life and circumstances. However, he did not visit Minnesota. No one had seen Brian's home. Mother did not have a chance to question or cross-examine either Brian or the social worker. Brianna's San Diego therapist advised that she not be placed with Brian. However, it is unclear why a contested hearing is needed. Brian was found by clear and convincing evidence to be Brianna's father. He has equal rights to custody of his child. When Brianna could not be returned to the custody of her mother, Brian, the noncustodial, nonoffending parent had a right to the child.

The Minnesota child protective service and police checks were negative. The court was also provided with letters of support, references, a lease, medical and car insurance and photographs. Brian and his wife came to San Diego, talked with the social worker and appeared in court. There was no reason for the court not to place Brianna with her father. There was no violation of due process.

## IV

■ Petitioner then argues her constitutional right to parent is affected by the de facto change of custody. Placement in Minnesota interrupts contact

[1] Interestingly, the county states that had the juvenile court ordered "visitation" the issue of ICPC would not be presented. We decline to decide this case on the basis of this alleged distinction.

between mother and Brianna. In addition, if Brianna stays in Minnesota for more than six months, Minnesota will then become the home state of the child for purposes of a child custody dispute. And this will occur if the child is not returned immediately. For, if, at the next hearing, the petition is dismissed, then California cannot order Brianna's return; if it is not dismissed, mother will appeal and the six months to establish residency in Minnesota will have passed before she gets relief.

When there is a change of custody, the rights of the parent who no longer has custody are always affected. When the newly custodial parent lives at a distance the effect is exacerbated. However, petitioner has not lost her parental rights. Even if the petition is dismissed she will have equal custody rights to Brianna. If a true finding is made, a California court will address the custody issues.

Even had the ICPC applied and not been followed it is not clear the remedy would be to return the child to San Diego. Brian is the noncustodial nonoffending parent and absent good cause has every right to custody of Brianna.

The peremptory writ is denied. The alternative writ is discharged.

Kremer, P. J., and Nares, J., concurred.