745 So.2d 437 (1999)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
Edward BENWAY, Appellee.
No. 99-1343.
District Court of Appeal of Florida, Fifth District.
November 5, 1999.
*438 James A. Sawyer, Jr., District Legal Counsel, Orlando, for Appellant.
R. Wm. Lyng, III of R. William Lyng, P.A., Kissimmee, for Appellee.
GOSHORN, J.
The Department of Children and Families (DCF) appeals the order requiring it to send the dependent child, A.B., to live with his natural father in Vermont in disregard of Vermont's disapproval of that placement. DCF argues that because the order does not comply with the provisions of the Interstate Compact on the Placement of Children (ICPC), which requires that the receiving state approve the placement,[1] the order must be reversed. The father contends that because he is A.B.'s natural parent, the ICPC is inapplicable to the placement of A.B. with him, making Vermont's disapproval irrelevant. Based on our conclusion that the ICPC is applicable to an out-of-state placement of a dependent child with a natural parent, we reverse.

DISCUSSION
The purpose of the ICPC is to facilitate cooperation between participating states in the placement and monitoring of dependent children. § 409.401, Art. I(a)(d), Fla. Stat. (1997). The question of the ICPC's applicability to the out-of-state placement of a dependent child with a natural parent arises from the fact that the ICPC refers to the transfer of the child "for placement in foster care or as a preliminary to a possible adoption,"[2] which of course is not the situation where a child is being sent to live with his or her natural parent. However, the section setting out the limitations on the ICPC's applicability does not preclude its application to placements with non-resident parents. See § 409.401, Art. VIII, Fla. Stat. (1997).[3] Additionally, the provisions of the ICPC "shall be liberally construed to effectuate the purposes thereof," section 409.401, Article X, Florida Statutes, which construction supports the application of the ICPC to the out-of-state placement of a dependent child with his or her natural parent.
The majority of courts considering the applicability of the ICPC to out-of-state placements with natural parents have concluded that the ICPC does apply.[4]See, *439 e.g., State ex rel. Juvenile Dep't of Clackamas County v. Smith, 107 Or.App. 129, 811 P.2d 145 (finding juvenile court was without power to place ward of court with non-resident mother; ICPC applies to child sent out-of-state for placement with parent), rev. denied, 312 Or. 235, 819 P.2d 731 (1991). Ms. Butler, in her 1991 law review article, espouses this same conclusion. See Kimberly M. Butler, "Child Welfare Outside The Interstate Compact On The Placement Of ChildrenPlacement Of A Child With A Natural Parent," 37 Vill. L.Rev. 896 (1991). Ms. Butler wrote that the ICPC should be interpreted to include the placement of a child with his natural parents to "best ensure that a child is placed in a suitable environment, which, after all, is the main purpose of the Compact." Id. at 909.
We align ourselves with the majority of cases deciding this issue, including the inference from the First District in Department of Health & Rehabilitative Services v. J.M.L., 455 So.2d 571 (Fla. 1st DCA 1984) that it, too, would find the ICPC applicable to the out-of-state placement of a child with a natural parent.[4] Once a court has legal custody of a child, it would be negligent to relinquish that child to an out-of-state parent without some indication that the parent is able to care for the child appropriately. The ICPC provides an effective mechanism for gleaning that evidence and for maintaining a watchful eye over the placement.
Based on our determination that the ICPC covers the placement of a child with the natural, non-resident parent, we conclude that A.B. should remain in Florida until the Vermont authorities indicate their agreement to A.B.'s placement in Vermont. The order directing DCF to transport the child to Vermont is reversed.
REVERSED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Section 409.401, Article III(d), Florida Statutes (1997) precludes the sending of a child into the receiving state until the appropriate agency in the receiving state notifies the sending state in writing that the proposed placement "does not appear to be contrary to the interests of the child."
[2] § 409.401, Art. III(a), Fla. Stat. (1997).
[3] Article VIII, "Limitations," provides:

This compact shall not apply to:
(a) The sending or bringing of a child into a receiving state by a parent, stepparent, grandparent, adult brother or sister, adult uncle or aunt, or a guardian and leaving the child with any such relative or nonagency guardian in the receiving state.
(b) Any placement, sending or bringing of a child into a receiving state pursuant to any other interstate compact to which both the state from which the child is sent or brought and the receiving state are party, or to any other agreement between said states which has the force of law.
[4] While several courts have decided that the ICPC was not intended to apply to placement with non-resident parents, we reject their strict interpretation of the ICPC and conclusion regarding its applicability. See, e.g., McComb v. Wambaugh, 934 F.2d 474, 482 (3d Cir.1991) (concluding the ICPC "was intended only to govern placing children in substitute arrangements for parental care" and that the requirement of Article V that the sending state continue to be financially liable "is inconsistent with the primary obligation of the parents"); Nance v. Arkansas Dep't of Human Servs., 316 Ark. 43, 870 S.W.2d 721 (1994) (finding the ICPC applies only to children who are sent out-of-state for placement in foster care or as a preliminary to adoption; juvenile court could send dependent child to father out-of-state without restrictions of ICPC).
[4] Although no Florida court has directly addressed the applicability of the ICPC to out-of-state placement with a parent, the First District, in Department of Health & Rehabilitative Services v. J.M.L., 455 So.2d 571 (Fla. 1st DCA 1984), held the ICPC was applicable to the out-of-state placement of children with their grandparents and reversed a placement order with directions that no out-of-state placement occur except in compliance with the terms of the ICPC.