838 So.2d 583 (2003)
H.P. Father of H.P., Jr., and J.P., Children, Appellant/Cross-Appellee,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellees/Cross-Appellants.
Nos. 5D02-1026, 5D02-1262.
District Court of Appeal of Florida, Fifth District.
January 10, 2003.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant/Cross-Appellee, H.P.
James A. Sawyer, Kissimmee, for Appellee/Cross-Appellant, Department of Children and Families.
Timothy A. Straus of Moyer, Straus & Patel, P.A., Altamonte Springs, for Appellee/Cross-Appellant, E.W. V-S.
PETERSON, J.
H.P., the natural father, and the Florida Department of Children & Families (DCF) appeal the trial court's order awarding custody of two minor children to E.W. V-S., the natural mother, who is a resident of Massachusetts.
In 1994 a Massachusetts court dissolved the father and mother's marriage and custody was awarded to the father who changed his residence to Florida shortly after the dissolution. Several years later, in 2001, the Florida trial court adjudicated the children dependent after finding that the father had physically abused one of the minor children on more than one occasion. A disposition order was entered placing the children with a third-party followed by a post-disposition motion by the mother asking that she be awarded custody. A hearing on that motion resulted in the trial court finding that:

*584 1. Although a home study is required prior to placing a child in the custody of a nonoffending parent, the information furnished by the mother that included verification of household income, photographs of her home and background checks certified by Massachusetts law enforcement constituted a home study for the purposes of the relevant statute.
2. Department of Children & Families v. Benway, 745 So.2d 437 (Fla. 5th DCA 1999) was not dispositive of the instant case.
3. The delays inherent in the Interstate Compact on Placement of Children (ICPC), § 409.401, Fla. Stat. (2001) rendered it unconstitutional to the extent that it precludes or delays placement of children in the custody of a nonoffending parent when no detriment to the children is shown.
4. Discretion to terminate jurisdiction would not be exercised pursuant to Florida Statute 39.521(3)(b)1 because of a 1994 Massachusetts decree that awarded custody to the father.[1]
The mother cross-appeals the trial court's reservation of jurisdiction.

Home Study
Section 39.521(3)(b), Florida Statutes (2001), provides that if a parent with whom a child was not residing at the time the events arose leading to the court's jurisdiction wishes to assume custody, the court shall place the child with the parent after a home study. Section 39.521(2)(r) places the burden on DCF to conduct the study and specifies the minimum requirement of the home study's contents. Because the mother resides in Massachusetts and the children will be residing in that state, DCF cannot conduct the home study, but the ICPC fills that void. Each member state has a "Compact Administrator," as required by Article VII of the ICPC as codified in Section 409.401, Florida Statutes. A home study conducted by the receiving state can be arranged through the Massachusetts Compact Administrator. If the sending state is concerned with the timeliness of a home study, investigation can be made to determine whether private sector licensed agencies are available.[2]
Article II(b) of the ICPC applies when a court of a party state (defined as a sending agency) places a child in the receiving state, in this case, Massachusetts. Article II prohibits sending a child to the receiving state until that state gives notice that placement in the state would not appear contrary to the interests of the child. Causing the child to be sent to the receiving state prior to complying with the terms of the compact results in an illegal act invoking penalties that may be imposed by both states.
Although we can detect the trial court's frustration with any delay inherent in following ICPC procedures, finding the ICPC process unconstitutional in the absence of a challenge by a party in order to ignore ICPC procedures seems extreme. Florida has joined the compact to ensure protection and services to children who are placed across state lines, and should the *585 need for out-of-state placement cease, Florida must be confident that a system exists to return the child to this state. This latter factor is most important in the instant case because the record at the hearing awarding custody to the mother indicated that the trial court desired to retain jurisdiction in order to monitor the father's performance under the case plan and consider whether future reunification was possible. The anticipated delay by the trial court was speculative and the record does not reflect any attempt to request that coordination between the sending and receiving state's Compact Administrators be expedited.

Applicability of ICPC
Article VII of the ICPC contemplates the promulgation of rules and regulations. Regulation 3 of the ICPC[3] was amended in May 2001 to clarify that:
The compact does not apply whenever a court transfers the child to a non-custodial parent with respect to whom the court does not have evidence before it that such parent is unfit, does not seek such evidence, and does not retain jurisdiction over the child after the court transfers the child.
In the instant case, the trial court took evidence as to the fitness of the non-custodial parent/mother and retained jurisdiction while commenting about the custodial parent/father's case plan and possible reunification. The retention of jurisdiction placed the matter squarely within the requirements of the ICPC.
By amending Regulation 3 in 2001, the Association of Administrators of ICPC (AAICPC) attempted to address the broadening of the scope of the ICPC by the courts and perhaps alleviate any constitutional concerns regarding parent's rights. The AAICPC has slightly narrowed the coverage and constraints of the ICPC where placement of children with non-custodial, non-offending parents is concerned. Such a narrowing is consistent with the purposes of the ICPC (provide a suitable placement of children) and it appears that in the instant case the trial court's placement of the children with their non-custodial, non-offending, out-of-state natural mother is also consistent with the ICPC and Regulation 3(6)(b). (Regulation 3(6)(b) requires that there must be evidence the parent is unfit in order to block the placement). Furthermore, Regulation 3(6)(b) conforms with and addresses this court's concern in Department of Children & Families v. Benway, 745 So.2d 437, 439 (Fla. 5th DCA 1999), that "once a court has legal custody of a child, it would be negligent to relinquish that child to an out-of-state parent without some indication that the parent is able to care for the child appropriately." Here, there was no evidence before the trial court or sought by the trial court that the mother was unfit.
In accordance with the reasoning advanced in The Interstate Compact on the *586 Placement of Children, A Manual and Instructional Guide for Juvenile and Family Court Judges, page 34, we find that the ICPC is applicable to the placement of a child with a non-resident parent who had no previous custodial rights:
Two unsuccessful arguments have been proposed which claim that the ICPC does not apply to interstate placements with parents because: 1) parents are excluded in Article VIII of the Compact; and 2) the Compact covers placements in institutions, placements preliminary to adoption, and placements in foster care, and a placement with a parent is none of these.
These arguments fail for the following reasons. When a parent has custody of a child in the normal way (status conferred by childbirth or adoption), the condition is not that of a placement, nor is it one of foster care. However, when a court takes jurisdiction and determines who is to receive a child, who retains the authority to continue the child with that custodian or to remove the child, and when the court may prescribe supervision or other conditions, the child's living status is that of a placement. In such circumstances, the parent's situation is not custody or possession as a matter of parental right, but rather it is the same as the position of a foster parent. In both instances they are caregivers only because of the authority conferred to them by the state acting through the court. When a child is with a caregiver under these circumstances, the child is in foster care.
Another unsuccessful argument is that parental care cannot be foster care because it is assumed that foster care means foster care payments made by the state to persons who are recruited to serve as foster parents. But not all persons who care for children receive compensation. Article II(d) of the Compact includes "family free homes" in the definition of "placement." Regulation 3, as amended in May 2001 defines "family free or boarding home" as:
... the home of a relative or unrelated individual whether or not the placement recipient receives compensation for care or maintenance of the child, foster care payments, or any other payments or reimbursements on account of the child's being in the home of the placement recipient.
ICPC applicability is not conditional on whether or not the home receives payment for the care of the child.
Consequently, the ICPC applies to the interstate placements with parents if a child is under the jurisdiction of the juvenile or family court, the court has assumed responsibility to determine where the child will reside, and until such time as the interrupted parent-child relationship is restored and the state's intervention is ended.
(footnotes omitted). Our conclusion is also in accord with Department of Children & Families v. Benway, 745 So.2d 437 (Fla. 5th DCA 1999).

Conclusion
We vacate the trial court's March 28, 2002 order clarifying its earlier order of March 6, 2002 placing the children with the mother residing in Massachusetts. We also vacate the March 6, 2002 order placing custody with the mother in Massachusetts and instruct the court to comply with the ICPC. Recognizing that the children have resided with the mother since the Spring of 2002 and the disruption to the children that will occur by still another move, we remand to the trial court to determine where the children shall reside, including whether it would be in the best interest of the children to remain with the *587 mother pending investigation by the Massachusetts Compact Administrator and that state's approval or disapproval of the placement.
ORDER VACATED; REMANDED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Section 39.521(3)(b)1, Florida Statutes (2001), authorizes the court to terminate jurisdiction after entering an order awarding custody and reasonable visitation, if appropriate. The order takes precedence over any custody action and can only be modified by a circuit court hearing dependency matters.
[2] ICPC Final Report of the Joint Committee on ICPC Improvement, ICPC Regulation No. 7 and Recommendations, December 1996. One recommendation in the report is that local agencies expand their list of available resources for performing a home study in order to achieve timely processing.
[3] Arguments have been made that Regulation 3 should not be recognized by Florida courts because it was promulgated by an entity outside of Florida and not subjected to the requirements established by this state for the promulgation of regulations. The applicability of ICPC Regulations has been questioned in other jurisdictions throughout the country. See e.g. McComb v. Wambaugh, 934 F.2d 474, 481 (3d Cir.1991); Division of Youth and Family Services v. K.F. and C.W. and B.M., 353 N.J.Super. 623, 803 A.2d 721 (Ct.App. 2002); In re Johnny S., 40 Cal.App.4th 969, 47 Cal.Rptr.2d 94 (1995)(rev. denied, 1996); Nance v. Arkansas Dep't of Human Services, 316 Ark. 43, 870 S.W.2d 721 (1994); Tara S. v. Superior Court, 13 Cal.App.4th 1834, 17 Cal.Rptr.2d 315, 316 (1993); and State ex rel. Juvenile Dep't of Clackamas County v. Smith, 107 Or.App. 129, 811 P.2d 145 (1991). Notwithstanding, we decline to address the issue because the parties to this appeal did not raise the issue.