PETERSON, J.
The father, E.B., appeals an award of long-term custody of his child, A.B., to the child’s maternal grandmother. E.B. contends that he was not given the opportunity to present evidence during the hearing leading to the award and that the unpre-sented evidence would show his efforts to comply with the case plan designed to reunify him with A.B.
A.B. and a slightly older sibling, S.B., were born during a relationship between E.B. and the children’s mother. E.B. was badly injured in an auto accident shortly after AB.’s birth and spent five weeks in a hospital. Released from the hospital, he found that the mother had vacated their home and terminated their relationship. Later, the mother relinquished custody of S.B. to E.B; and he and the child moved to Vermont where he had family ties.
In 1998, when A.B. was less than six-months old, the Department of Children and Families (DCF) brought a dependency action against the mother and she consented to an order declaring A.B. to be dependent. E.B.’s subsequent request for placement of A.B. with him in Vermont was granted by the trial court, but reversed upon appeal by DCF on the grounds that Vermont, the receiving state, must first approve the placement under the Interstate Compact on Placement of Children (“ICPC”) (codified in Florida as section *762 409.401, Art. I-Art. X, Florida Statutes). This court then ordered that A.B. remain in Florida until the Vermont authorities agree to A.B.’s placement in that state. Department of Children and Families v. Benway, 745 So.2d 437 (Fla. 5th DCA 1999).
E.B. then returned to Florida with S.B. and an order was subsequently entered declaring A.B. dependent as to E.B. and a case plan was imposed with a goal of reunification. Later, DCF alleged that E.B. failed to comply with that case plan and requested that the trial court place A.B. in the long-term custody of the maternal grandmother. It is from the order granting DCF’s request to place A.B. in the long-term custody of the maternal grandmother that E.B. appeals.
E.B. complains that he was denied due process when the trial court did not give him an opportunity to present evidence of his efforts to comply with his case plan and of his attempts to visit A.B. that were allegedly thwarted by the maternal grandmother when she had temporary custody. After review of the transcript of the hearing, we agree that the order was entered primarily upon the arguments of DCF’s counsel and that E.B. should have been given the opportunity to be heard before a decision was made to place A.B. in the long-term custody of the maternal grandmother.
We vacate the long-term custody placement and remand to the trial court for an evidentiary hearing[1] geared toward a reunification of E.B. with A.B., unless the court determines that E.B. has not substantially complied with the terms of his case plan to the extent that the safety, well-being, and physical, mental and emotional health of the child is endangered by reunification § 39.522(2), Fla. Stat. (2002); C.F. v. Dep’t of Children and Families, 822 So.2d 571 (Fla. 5th DCA 2002); see also L.L.C. v. Dep’t of Children and Families, 790 So.2d 1239 (Fla. 5th DCA 2001).
ORDER VACATED; REMANDED.
SHARP, W. and ORFINGER, JJ., concur.

. We note that E.B. has apparently successfully parented A.B.’s sibling S.B. That fact alone is not determinative of A.B.'s placement, but it seems incongruous with the result reached in the instant case in the absence of an evidentiary hearing.