PER CURIAM.
 

 We reverse the trial court’s orders reuniting the children with their mother, T.T., dismissing the dependency proceeding, and terminating the trial court’s jurisdiction because the orders do not comply with the Interstate Compact for the Placement of Children (“ICPC”), section 409.401, Florida Statutes (2009).
 

 M.R. and K.R. were five and two when they were adjudicated dependent due to domestic violence between their mother and her paramour in their home. The mother was only able to achieve partial compliance with her case plan during the year after the children were sheltered. The Department of Children and Families (“DCF”) supported reunification with the father, who was non-offending, but he was unable to offer them appropriate housing. More than a year passed and DCF achieved permanency for the children through a guardianship with the paternal grandparents who had been caring for them successfully since the proceedings began.
 

 In the meantime, the mother gave birth to two boys, the older of whom was fathered by the abusive paramour, and the younger by a different father. The paternal grandparents allowed the children extended visits with their mother over holidays. The children and parents remain emotionally bonded and love each other. Three more years passed while the children remained in the satisfactory placement with their grandparents in Florida.
 

 In August 2009, the mother and father, who had both since moved out-of-state to Georgia and Ohio, each sought reunification. Pursuant to their requests, the trial court directed DCF to obtain orders of compliance with ICPC for home studies on both parents. On December 14, 2009, at a hearing on the mother’s motion for holiday visitation, the trial court learned that DCF did not submit the ICPC orders to the Georgia and Ohio compact administrators until November 2009. Over objections by DCF and the Guardian ad Litem about the incomplete ICPC approval procedure and the lack of any current information about the mother’s housing or financial ability to support four children, the trial court ordered reunification with the mother in Georgia. The trial court also entered an order two days later dismissing the proceeding and permanently relinquishing jurisdiction. This appeal followed.
 

 The trial court was understandably frustrated with DCF’s failure to comply with his order of August 2009, requiring it to obtain ICPC home studies of both parents. However, a trial court cannot send children to a receiving state unless it has complied with “each and every requirement set forth” in Article III of the ICPC.
 
 Dep’t of Children & Families v. Fellows,
 
 
 *964
 
 895 So.2d 1181, 1185 (Fla. 5th DCA 2005). The ICPC requires that the receiving state evaluate the placement before the child is placed and then monitor the placement to protect the child.
 
 Id.
 
 As in
 
 H.P. v. Dep’t of Children & Families,
 
 838 So.2d 583, 586-87 (Fla. 5th DCA 2003), we recognize that a change in the children’s custody would disrupt their lives because of the length of time they have resided with the mother. To accommodate this concern, while requiring the trial court to comply with the ICPC requirements it failed to consider, we remand the matter to the trial court to determine where the children should reside, including whether it would be in their best interest to remain with the mother pending an investigation by the Georgia Compact Administrator and that state’s approval or disapproval of the placement.
 

 Additionally, we are concerned that the father’s interest in reunification was given short shrift. Upon remand, we direct that the trial court also consider the father’s pending request, if he still seeks reunification, through ICPC proceedings with the State of Ohio. In accord with the requirements of section 39.521(7), Florida Statutes (2009), when the trial court reunites the children with either parent, it shall not terminate its jurisdiction or DCF’s supervision over them until six months after their return.
 

 REVERSED AND REMANDED.
 

 EVANDER, COHEN, and JACOBUS, JJ., concur.