PER CURIAM.
Appellant appeals the trial court’s Order of Adjudication, Disposition, and Notice of Hearing which terminated protective supervision of K.P., adjudicated K.P. dependent, and placed K.P. with her father, who lives out of state. Appellant argues the trial court erred by: (1) failing to comply with the terms of the Interstate Compact on the Placement of Children (ICPC); (2) denying Appellant’s request for an eviden-tiary hearing on the issue of KP.’s placement; and (3) failing to grant Appellant’s request for an evidentiary hearing as to her previous consent to dependency as to K.P. Both Appellee Department of Children and Families (the Department) and the Guardian ad Litem concede error. Our review of the record indicates the concession of error is warranted; therefore, we reverse.
Pursuant to a prior court order, K.P., age 13, was on an “extended visit” with her father, who lives out of state. KP.’s permanent residence was with her mother, her half-siblings, and her mother’s paramour. K.P. and her half-siblings were under the Department’s protective supervision due to the paramour’s actions and the mother’s failure, inability, or unwillingness to protect her children.
According to the ICPC, of which Florida is a signatory, before a Florida court may place a child involved in dependency proceedings in a foreign state, certain requirements must be met. These requirements include the receiving state’s concurrence to that placement and, because it is otherwise required by Florida law before changing placement, a statutorily-compliant home study. See §§ 409.401 and 39.521(S)(b), Fla. Stat. There is no record evidence that either of these requirements was met as of the date of the hearing at issue and the court’s order. Thus, the court erred by terminating supervision and permanently placing K.P. with her father before the ICPC requirements were satisfied.
Although we agree with Appellant that she was entitled to an evidentiary *329 hearing on the placement issue, we reject Appellant’s argument that she was deprived of her due process right to notice on the ground that the Department’s Predisposition Study did not reflect its intention to request that K.P. be permanently placed with her father. The Department’s intention and its underlying reasons were discussed in several parts of the Study.[1] Because we hold that Appellant was entitled to an evidentiary hearing before the trial court could place K.P. with her noncustodial father, the issue of whether she was entitled to a hearing on withdrawing her previous consent to dependency is moot.
The record reflects that K.P. is currently residing with her father in another state. Our decision today should not be read to require relocating K.P. back to Florida pending the evidentiary hearing(s) ordered pursuant to this opinion.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS, VAN NORTWICK, and THOMAS, JJ., concur.

. See pages 3, 4, 6 and 7 of the "Chapter 39-PDR Requirements” filed by the Department before the hearing under review.