WOLF, J.
In this appeal from a non-final, post-dependency order, the Department of Children and Families (Department) asserts that the lower court erred as a matter of law in finding that the Interstate Compact on the Placement of Children (ICPC) does not apply to the placement of children with out-of-state parents. Because we find that the lower court misinterpreted our decision in Department of Children & Families v. L.G., 801 So.2d 1047 (Fla. 1st DCA 2001), and ignored subsequent case law, we reverse that portion of the lower court’s order that held the ICPC does not apply to the facts of this case.
The children in this case were removed from the father’s custody based on allegations of drug use and neglect. The children were adjudicated dependent and placed in the temporary custody of the maternal grandmother while both parents worked toward goals of reunification in their respective case plans. During the *685 pendency of the case, the father relocated to Maryland where he pursued intensive in-patient and out-patient drug rehabilitation, in compliance with his case plan.
During a status hearing on the case, for which the father travelled from Maryland to appear, the court found that the father would likely be reunified with the children at the end of the school year because of his compliance with the case plan. The maternal grandmother asserted an unwillingness to continue to serve as a custodian should the children be returned to the father only to be removed again in the future. Taking this to mean that the maternal grandmother was unwilling to continue as custodian even for the rest of the school year, the court determined the children should be reunified with the father in Maryland right away.[1]
The Department objected to immediate placement because the agency had no information about the home in Maryland, no way of monitoring the situation, and had not yet completed the ICPC process whereby Maryland authorities could conduct a home study and accept placement of the children in that state. Finding there was “no evidence of safety concerns” and that L.G. holds that the ICPC does not apply when children are placed with out-of-state parents, the court ordered reunification with the father. The court noted that the Department would continue to supervise the father for the next six months and that he would present himself for random urinalysis.
The ICPC was adopted into Florida Statutes at section 409.401. It applies whenever a “sending agency,” which by definition includes a court of a party state, places a child in a “receiving state.”[2] “Placement” is defined as:
the arrangement for the care of a child in a family free or boarding home or in a child-caring agency or institution but does not include any institution caring for the mentally ill, mentally defective or epileptic or any institution primarily educational in character, and any hospital or other medical facility.
§ 409.401, art. 11(d), Fla. Stat. (2013). The ICPC does not apply to the “sending or bringing of a child into a receiving state by a parent, stepparent, grandparent, adult brother or sister, adult uncle or aunt, or a guardian and leaving the child with any such relative or nonagency guardian in the receiving state.” § 409.401, art. VIII(a), Fla. Stat.
In L.G., this court read these provisions together to find that the ICPC does not apply when a custodial parent, who has lawful custody of the child at all pertinent times and full authority to plan for the child, chooses to relocate to another state. L.G., 801 So.2d at 1050. “In plain language, Article VIII(a) renders Article III [Conditions for Placement] of the ICPC inapplicable to the “ ‘sending or bringing of a child into a receiving state hy a parent.’ ” Id. at 1053 (emphasis added). The case involved a child over whom the court had never assumed custody.
Any potential confusion in this District caused by language in L.G. that seemed to imply that the ICPC only applied when placement was into “foster care” should have been resolved by Department of Children & Families v. S.D., 921 So.2d 801 (Fla. 1st DCA 2006), which cited with approval H.P. v. Department of Children & *686 Families, 838 So.2d 583, 586 (Fla. 5th DCA 2003), which expressly held that the ICPC applies when a court exercises its jurisdiction to place a child with an out-of-state parent. In H.P., the Fifth DCA found that:
the ICPC applies to the interstate placements with parents if a child is under the jurisdiction of the juvenile or family court, the court has assumed responsibility to determine where the child will reside, and until such time as the interrupted parent-child relationship is restored and the. state’s intervention is ended.
H.P., 838 So.2d at 586 (quoting The Interstate Compact on the Placement of Children, A Manual and Instructional Guide for Juvenile and Family Court Judges, page 34). When a court takes such control over a child, the “ ‘living status is that of a placement.’ ” Id.
In such circumstances, the parent’s situation is not custody or possession as a matter of parental right, but rather it is the same as the position of a foster parent. In both instances they are caregivers only because of the authority conferred to them by the state acting through the court. When a child is with a caregiver under these circumstances, the child is in foster care.
Id. The H.P. court noted that its decision was in accord with Department of Children & Families v. Benway, which aptly concluded that “[o]nce a court has legal custody of a child, it would be negligent to relinquish that child to an out-of-state parent without some indication that the parent is able to care for the child appropriately.” 745 So.2d 437, 439 (Fla. 5th DCA 1999).
In this ease, the children were under the jurisdiction of the court, the court assumed the responsibility to determine where the children would reside, and the State’s intervention had not yet ended. Under these conditions, the ICPC did apply and the lower court violated the ICPC by sending the children to Maryland without complying with the ICPC Conditions of Placement. See § 409.401, art. Ill, Fla. Stat. We, therefore, REVERSE the order on appeal to the extent it misapprehends our decision in L.G.
ROBERTS and ROWE, JJ., concur.

. While there were serious irregularities in the procedural process by which the lower court eventually ordered reunification, due to events that have occurred since the filing of this appeal, those concerns are no longer before this court.

. These terms are defined at section 409.401, article II, Florida Statutes (2013).