IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

D.R., MOTHER, AND DEPARTMENT
OF CHILDREN AND FAMILIES,

      Appellants,

 v.                                                                              Case No.  5D15-3927

J.R., FATHER, S.R. AND D.R.,
CHILDREN, AND GUARDIAN AD LITEM,

      Appellees.

_____/

Opinion filed September 27, 2016

Appeal from the Circuit Court
for Seminole County,
Susan W. Stacy, Judge.

H. Kyle Fletcher, Jr. of Fletcher Law Firm,
Oviedo, for Appellant, D.R.

Rosemarie Farrell, Orlando, for Appellant
Department of Children and Families.

Eddie J. Bell, of Law Office Of Eddie J. Bell,
Daytona Beach, for Appellee, J.R., Father.

Heather Morcroft, Orlando, for Appellees,
S.R. and D.R.

Sara E. Goldfarb, Sanford for Appellee
Guardian Ad Litem.

PALMER, J.

In this dependency matter, D.R. (the mother) appeals the trial court's order placing S.R. and D.R. (the children) in the custody of J.R. (the father), relinquishing jurisdiction over the case, and terminating the Department of Children and Families' (DCF) supervision over the children. Determining that the trial court erred in failing to comply with the requirements of the Interstate Compact on the Placement of Children (ICPC),[1] we reverse.

After DCF received reports of domestic disputes involving the mother and her paramour, the children were taken into protective custody. Finding probable cause that the children were dependent, the trial court granted DCF's shelter petition and placed the children in foster care. Thereafter, DCF filed a petition for dependency as to both the mother and the father. DCF also filed a motion requesting the trial court to comply with the terms of the ICPC because DCF considered placing the children with their father who was living in Massachusetts. The trial court granted the motion, ruling:

> Pursuant to Article III(d) of the Compact, this court will only place, or authorize the State to place, the children in an approved home in a receiving state after receipt of written notification from a receiving state that the proposed placement does not appear to be contrary to the best interests of the children.

The trial court thereafter conducted an adjudicatory hearing. At the hearing, the children testified that the mother had physically abused them, called them names, and was violent towards her paramour. The trial court found the children to be dependent. The children's attorney indicated to the court that, at disposition, she would seek to have the children

---

[1] See § 409.401, Fla. Stat. (2015).

placed with the father in Massachusetts pursuant to section 39.521(3)(b)1., Florida

Statutes (2015).[2]

At the disposition hearing, DCF dismissed the dependency petition filed against

the father, and the court adjudicated the children dependent as to the mother.  The court

then received testimony concerning the placement of the children with the father.

Thereafter, the trial court placed the children with the father, but ordered that the mother

receive services.

---

[2] The statute reads, in relevant part, as follows:

**39.521 Disposition hearings; powers of disposition**
. . . .

(3) When any child is adjudicated by a court to be dependent, the court shall determine the appropriate placement for the child as follows:
. . . .
(b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well- being, or physical, mental, or emotional health of the child.
. . . .
If the Court places the child with such parent, it may do either of the  following:
1. Order that the parent assume sole custodial responsibilities for the child. The court may also provide for reasonable visitation by the noncustodial parent. The court may then terminate its jurisdiction over the child.
2. Order that the parent assume custody subject to the jurisdiction of the circuit court hearing dependency matter. . . . The standard for changing custody of the child from one parent to another or to a relative or another adult approved by the court shall be the best interest of the child.

The children, joined by the father, and DCF filed motions for rehearing. Pursuant to the children's motion, the trial court conducted a non-evidentiary hearing. At the conclusion of the hearing, the court ruled:

> At this time, the Court has granted the rehearing, has reconsidered the law and the information, the facts that were provided at the last hearing, the Court is placing the children with the father, [and] is relinquishing jurisdiction over the children immediately upon placement with the parent.

This appeal timely followed.

The mother argues that the trial court reversibly erred by placing the children with the father without complying with the provisions of the ICPC. We agree.[3]

"The standard of review for a question of law in dependency proceedings is de novo." C.R. v. Dep't of Children & Family Servs., 53 So. 3d 240, 242 (Fla. 3d DCA 2010) (quoting G.C. & D.C. v. Dep't of Children & Families, 791 So. 2d 17, 19 (Fla. 5th DCA 2001)).

In relevant part, the ICPC provides:

> **409.401 Interstate Compact on the Placement of Children.**
>  . . . .
> **Article III Conditions for Placement.**
>
> (a) No sending agency shall send, bring, or cause to be sent or brought into any other party state any child for placement in foster care or as a preliminary to a possible adoption unless the sending agency shall comply with each and every requirement set forth in this article and with the applicable laws of the receiving state governing the placement of children therein.
> (b) Prior to sending, bringing, or causing any child to be sent or brought into a receiving state for placement in foster care or as a preliminary to a possible adoption, the sending agency shall furnish the appropriate public authorities in the receiving

---

[3] We reject the mother's remaining arguments on appeal as meritless.

4

state written notice of the intention to send, bring, or place the child in the receiving state. The notice shall contain:

(1) The name, date and place of birth of the child.

(2) The identity and address or addresses of the parents or legal guardian.

(3) The name and address of the person, agency or institution to or with which the sending agency proposes to send, bring, or place the child.

(4) A full statement of the reasons for such proposed action and evidence of the authority pursuant to which the placement is proposed to be made.

. . . .

(d) The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child.

§ 409.401, Fla. Stat. (2015).

In <u>Department of Children and Families v. Benway</u>, 745 So. 2d 437, 439 (Fla. 5th DCA 1999), we determined that the ICPC applied to out-of-state placements with natural parents. In doing so, we broadly interpreted the applicability of the ICPC, recognizing that the ICPC's "main purpose" was to "ensure that a child is placed in a suitable environment." <u>Id.</u> We explained:

Once a court has legal custody of a child, it would be negligent to relinquish that child to an out-of-state parent without some indication that the parent is able to care for the child appropriately. The ICPC provides an effective mechanism for gleaning that evidence and for maintaining a watchful eye over the placement.

<u>Id.</u>; <u>see also</u> <u>Dep't of Children & Families v. Fellows</u>, 895 So. 2d 1181, 1183 (Fla. 5th DCA 2005) (holding that the ICPC applied to the placement of the child with his out-of-state aunt).

All parties recognize that the ICPC requirements have not been fulfilled in this case because the appropriate public authority in Massachusetts has not provided written notice

5

to DCF or the court that the "proposed placement does not appear to be contrary to the interests of the child[ren]." § 409.401, Art. III(d). However, the Guardian ad Litem (GAL) contends that Regulation 2(3)(a) of the ICPC renders the ICPC inapplicable to the circumstances presented here. We disagree.

Regulation 2(3)(a), which was promulgated by the Association of Administrators of the Interstate Compact on the Placement of Children (AAICPC), provides:

> **Public Court Jurisdiction Cases:**
> Placements for Public Adoption or Foster Care in Family Settings and/or with Parents, Relatives
> . . . .
> 3. Placements made without ICPC protection:
>    Regulation No. 2 does not apply to:
>    (a) A placement with a parent from whom the child was not removed:
>    When the court places the child with a parent from whom the child was not removed, and the court has no evidence that the parent is unfit, does not seek any evidence from the receiving state that the parent is either fit or unfit, and the court relinquishes jurisdiction over the child immediately upon placement with the parent, the receiving state shall have no responsibility for supervision or monitoring for the court having made the placement.

In B.G. v. Department of Children and Families, 189 So. 3d 305 (Fla. 4th DCA 2016), the Fourth District addressed this regulation, observing:

> The trial court's second error was the presumption that the ICPC could be avoided altogether if, after transferring custody to the out-of-state parent, the court simply relinquished its jurisdiction over the Child. Circumventing the ICPC in this manner is not in the best interests of this state's dependent children.
> . . . .
> The Department was required to comply with the ICPC in this case because the [f]ather was a noncustodial parent. . . . While the AAICPC may have promulgated a Regulation which allows a state to skirt the ICPC requirements in some circumstances, the cited Regulation has not been adopted into law by the State of Florida. Controlling Florida precedent

6

> simply does not allow a child to be placed with a noncustodial
> parent in another state without compliance with the ICPC.

Id. at 306. We agree with this reasoning and adopt it as our own. Thus, the trial court committed error in placing the children in the father's custody without complying with the ICPC. However, as argued by the father and the GAL, notwithstanding the trial court's error, the children are not required to be immediately returned to Florida. See B.G., 189 So. 3d at 305; R.F. v. Dep't of Children & Families, 50 So. 3d 1243, 1244-46 (Fla. 4th DCA 2011); Dep't of Children & Families v. T.T., 42 So. 3d 962, 964 (Fla. 5th DCA 2010); H.P. v. Dep't of Children & Families, 838 So. 2d 583, 586-87 (Fla. 5th DCA 2003).

Accordingly, we reverse the portion of the final order terminating the trial court's jurisdiction and remand with instructions for the trial court to determine whether it would be in the children's best interest for them to remain in the father's custody pending the completion of the ICPC process.

REVERSED and REMANDED.


SAWAYA and ORFINGER, JJ., concur.