COHEN, J.
The Department of Children and Families ("DCF") petitions for a writ of certiorari and seeks to quash two orders entered by the lower court, both of which temporarily placed J.B. ("Child") in a relative's custody outside of Florida pending the outcome of S.B.'s ("Mother") dependency proceeding. We grant the petition, quash the orders, and remand the matter for further proceedings.
Following Child's birth in May 2018, DCF petitioned to shelter Child.[1] In the shelter petition, DCF requested a home study of Child's maternal grandfather's home in Alabama, in compliance with the requirements of the Interstate Compact on the Placement of Children ("ICPC"), as provided in section 409.401, Florida Statutes (2018).[2] DCF sheltered Child pending an arraignment hearing on the petition.
The ICPC home study was not completed before the scheduled arraignment hearing. At the hearing, DCF objected to Child's placement in Alabama without the completion of the home study. The court nevertheless placed Child in the temporary legal custody of the maternal grandfather.[3]
DCF moved for reconsideration/rehearing, arguing that the court violated the ICPC. It asked the court to vacate its previous order and place Child in foster care. In its denial order, the court expressly refused to apply the ICPC. The court called the ICPC "an antiquated law" that "does not take into consideration the best interests of children nor emergent care." It also stated that the ICPC destroys families "around this country every day," leaving courts unable to make independent decisions. The court ruled that it would "put the child first and the ICPC second."
*1172 We recognize the trial court's well-intentioned motives. Its goal was to place Child with family rather than into the foster care system. However, as we have previously recognized, a trial court is not free to disregard the ICPC, even if the court believes that the statute handcuffs it in determining a child's best interest under the unique circumstances of the case. See Dep't of Child. & Fams. v. T.T., 42 So. 3d 962, 963-64 (Fla. 5th DCA 2010) (noting trial court's frustration with the ICPC but holding that "a trial court cannot send children to a receiving state unless it has complied with 'each and every requirement set forth' in Article III of the ICPC" (quoting Dep't of Child. & Fams. v. Fellows, 895 So. 2d 1181, 1185 (Fla. 5th DCA 2005) )); H.P. v. Dep't of Child. & Fams., 838 So. 2d 583, 584-85 (Fla. 5th DCA 2003) (same).
The primary culprit in these cases is the delay caused by compliance with the ICPC. Home studies take entirely too long, and as the trial court observed, result in non-relative placements, which may not necessarily be in the best interest of the child. We offer no solution to what we recognize as a systemic problem. This issue is best addressed by the legislative branch. However, as we and our sister courts have previously held, we find that the trial court departed from the essential requirements of law in disregarding the ICPC. See T.T., 42 So. 3d at 963-64 ; see also M.A.C. v. Dep't of Child. & Fams., 73 So. 3d 327, 328 (Fla. 1st DCA 2011).
While we do not typically reward the failure to follow the law, neither do we wish to cause harm to Child, who is caught in the middle of this dispute. This Court has permitted children to remain where their best interests lie pending the completion of the ICPC process. See D.R. v. J.R., 203 So. 3d 952, 956 (Fla. 5th DCA 2016) ("[N]otwithstanding the trial court's error, the children are not required to be immediately returned to Florida." (citations omitted)); T.T., 42 So. 3d at 964 (requiring trial court to comply with the ICPC requirements but remanding for trial court to determine where children should reside, in light of their best interests, pending the ICPC process in Georgia); see also B.G. v. Dep't of Child. & Fams., 189 So. 3d 305, 306 n.2 (Fla. 4th DCA 2016) ("Even if an out-of-state placement does not strictly comply with the ICPC, a court may allow the child to remain in the out-of-state placement during the ICPC process if it is in the child's best interest." (quoting R.F. v. Dep't of Child. & Fams., 50 So. 3d 1243, 1244 (Fla. 4th DCA 2011) )). It does not appear that the parties to this case dispute that the best interest of Child is to stay with the maternal grandfather during the ICPC process. Thus, we quash the January 28, 2019 arraignment order and the February 25, 2019 order denying DCF's motion for reconsideration/rehearing and remand the case for further proceedings consistent with this opinion.
PETITION GRANTED; ORDERS QUASHED; CAUSE REMANDED.
ORFINGER and GROSSHANS, JJ., concur.

Mother had two other children whom DCF removed prior to Child's birth.

"The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child." § 409.401, Art. III(d), Fla. Stat. (2018).

The court ordered that the maternal grandfather maintain contact with Child's Florida case management officials every thirty days via Skype, with Child viewable to the officials.