OPINION OF THE COURT
C. Raymond Radican, J.
In this adoption proceeding, the issue has arisen as to whether or not the Interstate Compact on the Placement of Children (Social Services Law § 374-a [1]; Compact) is applicable to the circumstances of this proceeding.
The adoptive parents are residents of Massachusetts. The *747 adoptive child was born in Nassau County to a Nassau County resident. Temporary letters of guardianship issued to the adoptive parents from this court.
Social Services Law § 374-a (1), article VIII (a) exempts from compliance with the Compact the transfer of a child from its natural parent or certain other individuals to certain individuals, among whom are nonagency guardians.
Although the term "non-agency guardian” is not defined in the Compact, the Family Court, New York County, held in a 1980 case that a nonagency guardian who receives the child must meet the same standards as one who places the child, for this reason, "so that only one whose legal relationship towards the child has been independently and legitimately established will have the right to effect such a drastic change as an interstate placement without the oversight and supervision of the contracting States” (Matter of Baby E., 104 Misc 2d 185, 190).
This court, confronted in a 1987 case (Matter of Baby Boy M. G., 135 Misc 2d 252) with a violation of the Compact, permitted the finalization of the adoption, based on the best interests of the child, and suggested in dictum that the Legislature review the entire matter and possibly prescribe legislative guidelines for adoption practitioners.
Whether in response to that suggestion or not, the Legislature enacted SCPA 1725 providing for temporary guardianship by adoptive parents prior to adoption. The information required in the petition is similar to that of the notice requirements of article III (b) of the Compact. In addition, proof of consent to the adoption is required as is an inquiry with the State-wide Child Abuse Registry. This authority to issue temporary letters of guardianship to adoptive parents was also conferred on the Family Court by the enactment of section 661 of the Family Court Act.
The court in the Baby E. case (supra) held that the creation of guardianship relations between the child and the adoptive parents had to precede the placement proceedings to remove the case from the ambit of the Interstate Compact. That case, however, was decided prior to the enactment of SCPA 1725 and Family Court Act § 661. Also, the procedural safeguards built into those two sections more than adequately address the concerns expressed by the court in the Baby E. case concerning what parties should properly be entitled to exemption from the terms of the Compact.
*748 Based on all of the foregoing and on the advice of the Deputy Counsel of the Bureau of Child Welfare, the court holds that the Interstate Compact on the Placement of Children is inapplicable to the facts of this case or to any case where the child is being transferred from the natural parent to a court-appointed guardian, either temporary or otherwise.