PER CURIAM.
 

 Through his attorney ad litem, R.F. petitions this court for a writ of certiorari to review an order requiring the child to return to Florida because his continued stay in New York is in violation of the Interstate Compact on the Placement of Children (ICPC). § 409.401, Fla. Stat. (2010). R.F., a seventeen-year-old, is residing in New York with his uncle and aunt who have applied for guardianship. There is general agreement that placement with the uncle is in the child’s best interest, but the procedures for modification of placement under the ICPC were not complied with before the child decided to remain with his uncle after a summer visit and to enroll in school in New York. The trial court’s order has been stayed pending resolution of this petition. We grant the petition.
 

 After R.F.’s father died, he lived with an aunt, but the placement broke down and he asked to be placed in foster care. He was placed in a boy’s group home and his grades began to suffer. His guardian ad litem explained in a report that R.F. “is an exceptional young man, who, despite his desire and willingness to overcome the sig
 
 *1244
 
 nificant obstacles of his childhood, has been having severe difficulties of late.” His mother has been allowed therapeutic visitation at the child’s discretion, a right he has never exercised.
 

 During the summer he was encouraged to visit his paternal uncle in New York. According to the guardian ad litem’s report, the uncle passed a home study before the child’s visit. R.F. did not return from the visit and indicated that he wanted to live with his uncle.
 

 The Department of Children and Families filed an emergency motion requesting the court order R.F. to return to Florida. DCF argued the child is in New York illegally and allowing him to remain with his family in New York violates the ICPC.
 

 R.F.’s guardian ad litem recommended that the court allow him to remain in New York during the ICPC review procedures. The guardian ad litem and the attorney ad litem believe that it is in R.F.’s best interest to remain with his uncle. Counsel for the Guardian Ad Litem Program agreed that placement with the uncle appears to be in the child’s best interest, but, like DCF, argued that R.F. is in New York illegally.
 

 The uncle is a newspaper editor and the aunt is an assistant director at a library. The family is very serious about education. They have three children who are in college on scholarships, two on Presidential Scholarships and one attending an Ivy League university. The uncle is very concerned about R.F.’s education and wants to assure that he is prepared for college. R.F. and his uncle have testified that R.F. is doing very well in New York: he is loved by his family; he has made friends; he is taking challenging courses at school; and he made the school’s JV soccer team. The uncle is prepared to provide tutors if necessary, and R.F.’s cousins are also willing to help him with his studies.
 

 An ICPC deputy compact administrator for Florida testified that the ICPC process for placement of a dependent child in New York is typically 60 to 90 days. More than 90 days have elapsed since DCF raised this issue, and the record does not indicate the status of the ICPC proceedings in New York.
 

 The uncle paid for a private home study through a Manhattan adoption agency. The home study, which was completed while this petition was pending, approves adoption of R.F. by his uncle and aunt. The home study indicates that the adoption agency is authorized under New York law to conduct home studies and place children. The Florida compact administrator indicated that it would be up to New York authorities whether they accepted the private home study.
 

 Recognizing that it is in R.F.’s best interest to remain with his uncle, the trial court initially extended the visit. Before the visit expired, R.F.’s attorney ad litem moved to modify placement. The attorney ad litem strenuously argued that the child’s right to expeditious permanency and the best possible placement are paramount to strict compliance with the compact, and the dependency court is required to consider the best interest of the child. Counsel pointed out that R.F. has remained in contact with his guardian ad litem and his therapist. He has continued to receive services from Florida including participating by phone in an independent living staffing. The judge felt compelled to order that R.F. return to Florida until the ICPC review is complete, but stayed her order pending this petition.
 

 Even if an out-of-state placement does not strictly comply with the ICPC, a court may allow the child to remain in the out-of-state placement during the ICPC process if it is in the child’s best interest.
 
 *1245
 

 See H.P. v. Dept. of Children and Families,
 
 838 So.2d 583, 586-87 (Fla. 5th DCA 2003);
 
 see also Dept. of Children and Families v. T.T.,
 
 42 So.3d 962, 964 (Fla. 5th DCA 2010);
 
 In re J.D.,
 
 35 So.3d 145 (Fla. 2d DCA 2010).
 

 DCF and the Guardian Ad Litem Program argue that there are no exceptions to the ICPC procedures, and strict compliance with the compact is required. They argue if the procedures were not complied with and the receiving state was unaware of the placement, there would be no way to guarantee the child’s safety. According to respondents, “[mjaking an exception in this case would [be] contrary to this child’s best interest as it would be contrary to the best interest of any child.”
 

 These arguments are not persuasive based on the circumstances in this case. There is no reason to question whether R.F. is safe with his uncle. R.F. is nearly an adult. He has clearly articulated his very reasonable desire to remain with his family in New York. He has contact with his guardian ad litem and daily contact with his therapist. Even before the private home study was completed, it seemed clear from the testimony of the uncle, R.F., and the guardian ad litem that residing with the uncle and aunt is the best possible placement for R.F. Although respondents suggest that the child’s best interests cannot be determined until ICPC proceedings are completed, they have not cited any factual basis to question whether it is in R.F.’s best interest to remain with the uncle during the ICPC process. Requiring R.F. to return to Florida for a few months would at a minimum disrupt his school work and the relationships he is developing, and there appears to be no suitable placement with family in Florida.
 

 DCF and the Guardian Ad Litem Program also argue that R.F. should be compelled to return to Florida because New York may impose some sanction for noncompliance with the compact. Article IV of the compact authorizes sending and receiving states to penalize non-compliance in accordance with laws in each jurisdiction. A sending agency that places a child in violation of the compact could also lose its license. Respondents have not cited any laws in Florida or New York that would penalize the non-compliance in this case, and there is no private sending agency that would lose its license or permit.
 

 In fact, New York courts have in some cases declined to impose sanctions and have not required strict compliance with the ICPC where it would be contrary to the best interest of a child.
 
 See In re Adoption of Adoptive Child R,
 
 14 Misc.3d 806, 828 N.Y.S.2d 846 (N.Y.Fam.Ct.2006);
 
 Matter of Adoption of Baby Boy M.G.,
 
 135 Misc.2d 252, 515 N.Y.S.2d 198 (Surr.Ct.1987). Contrary to respondents’ arguments, New York courts have held that the best interests of the child are paramount.
 
 M.G.,
 
 135 Misc.2d at 257, 515 N.Y.S.2d 198;
 
 see also Matter of Shakiba P.,
 
 181 A.D.2d 138, 147, 587 N.Y.S.2d 300 (N.Y.A.D. 1 Dept.1992) (the court should consider “above all, the best interests of the child”). Although efforts should be made to comply with the compact, “the most desirable course to follow is often dependent upon reasonable judgment as to the equities.”
 
 M.G.,
 
 135 Misc.2d at 257, 515 N.Y.S.2d 198 (quoting
 
 Matter of Adoption of Baby E,
 
 104 Misc.2d 185, 193, 427 N.Y.S.2d 705 (N.Y.Fam.Ct.1980),
 
 superseded by statute on other grounds, Matter of Adoption of Baby Boy, O.G.,
 
 145 Misc.2d 746, 547 N.Y.S.2d 806 (N.Y.Sur.1989)).
 

 R.F. went to New York on an authorized visit. A private home study has been completed by an adoption agency in New York and it finds the uncle and aunt can provide a suitable, safe residence and a supportive, nurturing environment for R.F. By all
 
 *1246
 
 accounts, he is doing well in New York. Although there is a technical non-compliance with the compact, the paramount concern is the best interest of the child. DCF has provided no reason why it is in R.F.’s best interest to return to Florida pending ICPC proceedings and disrupt permanent placement with his family in New York. Rather, DCF has taken an overly legalistic position that cannot be reconciled with the facts in this case. Courts and agencies charged with protecting the welfare of children should be concerned foremost with the best interests of the child.
 

 The record in this case does not fully reveal the extent of the hardships R.F. has faced, but he has expressed a determination to overcome these obstacles and a brighter future is at hand.
 

 The petition for writ of certiorari is granted and the, trial court’s order is quashed. On remand, the court may consider any additional evidence in deciding whether it is in R.F.’s best interest to remain in New York pending completion of the ICPC process.
 

 GROSS, C.J., WARNER and MAY, JJ., concur.